UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al.** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:12-CV-911SNLJ ) |
| **ZUFALL & SONS, INC.,** | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Plaintiffs, the Greater St. Louis Construction Laborers Welfare Fund, et al. ("the Benefit Funds"), bring this action against defendant Zufall & Sons, Inc. ("Zufall") pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185.  Plaintiff seeks to collect amounts owed to the Benefit Funds pursuant to the terms of collective bargaining agreements between Laborers Locals 42-53-110 ("Laborers") and Zufall.

This matter is before the Court on plaintiff's motion for summary defendant (#13).  Although defendant requested and was granted an extension of time in which to respond to plaintiff's motion (*see* #16 and #17), nearly four months have passed, and defendant has not filed a memorandum in opposition to plaintiff's motion.

**I.  Background**

Laborers and Zufall entered into a collective bargaining agreement effective March 1, 2010 through February 28, 2014.  The agreement requires Zufall to submit monthly reports and remit contributions to the Laborers Funds and to the Mason Contractors Association. The

agreement also provides that liquidated damages of twenty percent will be assessed on all contributions not paid by the end of the month following the month for which the contributions are owed. The agreement also states that, if a lawsuit is filed to collect contributions and liquidated damages, the Benefit Funds are also entitled to recover interest on the delinquent contributions.

Defendant Zufall submitted its monthly reports without the required contributions for October 2010 through June 2012. According to plaintiffs, Zufall owes the Benefit Funds $24,900.96 in delinquent contributions, $4,980.19 in liquidated damages and $1,216.10 in interest. Furthermore, plaintiff alleges that Zufall has failed to submit its reports or contributions for the period subsequent to June, 2012.

Notably, Zufall has not responded to plaintiff's Statement of Uncontroverted Facts pursuant to Local Rule 7-4.01(E). According to that Local Rule, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. Local R. 7-4.01(E).

**II.      Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.  *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The court is required to resolve all conflicts of evidence in favor of the nonmoving party.  *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).  With these principles in mind, the Court turns to the discussion.

**III.    Discussion**

The Benefit Funds claim they are entitled to judgment against Zufall for its failure to make contributions pursuant to the collective bargaining agreement for the period of October 2010 through June 2012.  Zufall, although it is represented by an attorney in this matter and answered the complaint, does not dispute the facts as set forth by the Benefit Funds.  The Benefit Funds set forth evidence that the judgment against Zufall should be for $33,213.37 ($24,900.96 in delinquent contributions, $4,980.19 in liquidated damages, $1,216.10 in interest, $1,529.50 in attorneys' fees, and $586.62 in court costs).  Because both the collective bargaining agreement and Section 502(g)(2) of ERISA permit the fiduciary plaintiffs to recover unpaid contributions, liquidated damages, interest, costs, and attorneys' fees in an enforcement action, *see* 29 U.S.C. § 1132(g)(2), and those matters have not been contradicted by the defendant, there exists no dispute of material fact for trial in this matter.

**IV.     Conclusion**

Summary judgment will be granted to plaintiffs, and judgment will be entered against Zufall in the amount of $33,213.37.  The order and judgment will be entered separately.  However, plaintiffs' outstanding Motion for Ruling Pursuant to CJRA will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Ruling Pursuant to CJRA is **DENIED** as moot.

Dated this   14th   day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE